## CONNILLEAU v. ROGERS, HOLLOWAY & CO.

(Circuit Court, E. D. Pennsylvania. July 30, 1908.)

No. 140, April Sessions, 1908.

PLEADING—AFFIDAVIT OF DEFENSE—SALE—DAMAGE FOR NONDELIVERY.

In an action for breach of a contract for the sale of phosphates to be delivered in France, where the statement of claim alleges nondelivery and generally the market price of phosphate in France, and that complainant was compelled to buy to fill his own contracts, but without giving the dates or amounts of purchases, or the prices paid, an affidavit of defense which denies that there was any market price in France at the time delivery should have been made for phosphate of the kind covered by the contract meets the issue as to damages and is sufficient to prevent a summary judgment on motion.

At Law. On rule for judgment for want of a sufficient affidavit of defense.

N. Dubois Miller, for the rule.
Francis S. Laws, opposed.

ARCHBALD, District Judge.[1] I cannot agree to all the defendants' contentions, but I am prepared to sustain some of them; and, as the plaintiff must show a case clear of doubt in order to be entitled to a summary judgment for want of a sufficient affidavit of defense, the rule must be discharged.

The action is for damages for breach of a contract for the sale of Florida phosphate. Delivery was to be made in France, and the damage claimed is the difference between the contract price and the price at which similar phosphate was able to be bought in that country subsequently. The allegations upon this point, however, are somewhat vague; all that is said in the plaintiff's statement being that he was obliged to go into the market from time to time and buy phosphate to fulfill his own engagements. On what dates he bought, if in fact he bought at all, which seems to be somewhat uncertain; the quantities purchased, and the prices paid, are not given, in place of which there is the general averment that the market price of phosphate

[1] Specially assigned.

of the same character and quality in France, where the plaintiff was doing. business, was, as respects the purchases to take the place of the 7,700 tons contracted for, at the rate of $7\frac{1}{8}$ pence per unit of lime per ton, an excess of 3 pence over the contract price; and as to that to take the place of the 2,500 tons contracted for was the same, an excess of $1\frac{3}{4}$ pence; amounting together to £5,695.16 or $27,641.58, the damages claimed. But it is denied that there was any prevailing market price in France in 1906, to which time the complainant's figures apparently relate, for the particular kind of phosphate contracted for, so as to entitle the plaintiff to go into that market and buy, and it is claimed that the defendants cannot be held in consequence for the purchases there made or the prices which were there prevailing. This goes directly to the damages sustained, and raises an issue of fact which cannot be disposed of at this time, in addition to which, as already intimated, the defendants are entitled to the dates, amounts, and prices of the purchases relied on, if such purchases were made, in order to enable them to make a proper defense to them, if they are to be received.

The rule for judgment for want of sufficient affidavit of defense is therefore discharged.